# MINUTES

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 19-00165 LEK |
| CASE NAME: | USA vs. Barbara Williams |
| ATTYS FOR PLA: | Gregg Paris Yates<br>Kenneth M. Sorenson |
| ATTYS FOR DEFT: | Birney B. Bervar |
| INTERPRETER: | Darsie Ing-Dodson |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | Debi Read |
| DATE: | 09/24/2020 | TIME: | 11:00 am - 11:30 am |

COURT ACTION:  EP: Sentencing to Count 1 of the Felony Information as to defendant Barbara Williams held.

Defendant Barbara Williams present via video conference.

The defendant was asked by the court about consenting to proceed by video conference, and she *consented*.  The court made the finding pursuant to Section 15002(b)(2) of the Coronavirus Aid Relief and Economic Security Act, also known as the CARES Act that felony sentencing under Rule 32 cannot be conducted in person without seriously jeopardizing public health and safety. The Court further finds the following specific reasons exist that this sentencing for the defendant, Barbara Williams, cannot be further delayed without serious harm to the interest of justice; thus the hearing must be conducted by video teleconference.

First, on August 13, 2020, the Chief Judge of the District of Hawaii made the appropriate findings as required under the CARES Act that the change of plea and sentencing hearings cannot be conducted in person without seriously jeopardizing public health and safety.

Two, on August 13, 2020, the Chief Judge of the District of Hawaii issued a temporary general order limiting in-court hearings and delaying jury trials until October 13, 2020, because of COVID-19 pandemic.

Three, on August 18, 2020, Mayor Kirk Caldwell for the County of Honolulu issued his order 2020-24 ordering residents to stay at home until September 16, 2020, because of the COVID-19 pandemic.

Fourth, the State of Hawaii Governor David Ige issued his 12th proclamation related to the COVID-19 emergency and extended mandatory self-quarantine for interisland and

out-of-state travellers through September 30, 2020.

The Court concludes that this sentencing hearing cannot be further delayed without serious harm to the interest of justice. If the Court were to delay this hearing until it could be held in person, it would add to the backlog of the criminal and civil cases facing the court when normal operations resume. With regard to Ms. Williams' specific case, the hearing cannot be further delayed without serious harm to the interest of justice because Ms. Williams has been released pending sentencing and she has been under Pretrial Services supervision for more than two years. She entered her waiver of indictment and guilty plea on December 18, 2019 to this specific charge, and has been pending sentencing with regard to this matter.

Defendant plead guilty to Count 1 of the Felony Information on 12/18/2019 and was adjudged guilty.

Parties have reviewed the Presentence Report and it is placed in the record under seal.

Court findings made as to the applicable sentencing guidelines. Court adopts the factual findings of the PSR.

Court notes the aggravating and mitigating factors related to Defendant's Sentencing.

Recommendations by counsel as to proposed sentence heard.

Allocution by Defendant

Court's proposed sentence stated. No legal objections to the proposed sentence. Court imposes sentence:

SENTENCE:
Probation: FIVE (5) YEARS with ONE HUNDRED EIGHTY (180) DAYS OF HOME CONFINEMENT

Fine: $0.00 (no fine imposed)

Restitution: $57,631.78

Special Assessment: $100.00

Conditions of Supervised Release:

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

(mandatory condition) **- WAIVED -**

You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)

You must make restitution in accordance with 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (mandatory condition)

You must pay the assessment imposed in accordance with 18 U.S.C. § 3013. (mandatory condition)

You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution or a special assessment. (mandatory condition)

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

You must abide by the following special conditions:

1.  You will be monitored by Voice Recognition for a period of 180 days, and you must follow the rules and regulations of the location monitoring program, pursuant to the Participant's Agreement. You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court. You shall earn leave as determined by the probation officer. You must pay the costs of the program, as directed by the probation officer.

2.  Restitution of $57,631.78 is due to the victims identified in PSR Attachment A. Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

3.  You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4.  You must apply all monies received from income tax refunds, lottery winnings,

    inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

5. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

6. You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

7. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Government moves to dismiss charges in CR17-00101 LEK as to defendant, Barbara Williams - GRANTED.

Defendant advised of his right to appeal within 14 days of entry of judgment.

Submitted by: Agalelei Elkington, Courtroom Manager